

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**Elisheva L. Rosen**
*Assistant Corporation Counsel*
Phone: (212) 356-3522
Fax: (212) 356-2349
Email: erosen@law.nyc.gov

**BY ECF**
Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

> Plaintiff shall file objections, if any, to the proposed protective order by **September 23, 2024**.
>
> Dated: September 19, 2024
> New York, NY
>
> SO ORDERED
> *[signature]*
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Re:   Nathanial Herma[...]
      Index No.: 21-C[...]

Dear Magistrate Judge Tarnofsky:

      I am an Assistant Corporation Counsel in the office of Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendants in the above-captioned proceeding. I write to respectfully request that the Court enter Defendants' proposed protective order, annexed hereto as Exhibit A.

      On July 31, 2024, Plaintiff served his First Request for the Production of Documents and First Set of Interrogatories. In preparing their responses and subsequent production to these discovery requests, Defendants will produce responsive information that the New York City Police Department ("NYPD"), the agency relevant to this action, considers and treats as Confidential. On September 17, 2024, the undersigned contacted counsel for Plaintiff to request that the parties enter into a protective order before exchanging discovery and attached a copy of Exhibit A for counsel's review and comment. Plaintiff's counsel responded: "Plaintiff will not stipulate to enter into a protective order."

      Rule II(C) of Your Honor's Civil Individual Rules expressly states that, "[i]n cases where confidential information will be exchanged, the parties must utilize the Court's Confidentiality Stipulation and Proposed Protective Order[.]" While Defendants' proposed protective order differs slightly from the Court's recommended protective order, the two are substantially the same. Counsel for Plaintiff has previously entered into protective orders drafted by the New York City Law Department in other lawsuits; most recently in <u>Michelle Beckles v. New York City Department of Education</u>, 23-CV-08663-BMC (E.D.N.Y.). The protective order in <u>Beckles</u> is similar to the proposed protective order, that is attached as Exhibit A.

1

      Many of the records requested by Plaintiff in his discovery demands are considered and treated as confidential documents by the NYPD – including internal Equal Employment Opportunity complaints and investigation files, disciplinary files, and personnel records of non-parties. A protective order is necessary to ensure that sensitive discovery documents are protected from disclosure during the course of litigation.

      Accordingly, for the reasons set forth above, Defendants respectfully request that the Court adopt their proposed protective order.

      Thank you for your consideration of this matter.

      Respectfully submitted,

      /s/ Elisheva L. Rosen
Elisheva L. Rosen
Assistant Corporation Counsel

cc: **By ECF**
Marshall Bellovin
Alyssa Grzesh
Attorneys for Plaintiff
Ballon Stoll P.C.
810 Seventh Avenue, Suite 405
New York, N.Y. 10019
212.575.7900 (ext. 3270)
mbellovin@ballonstoll.com
agrzesh@ballonstoll.com

Honorable Andrew L. Carter, Jr.
United States District Judge