UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NATHANIAL HERMAN,

                                                Plaintiff,        21-CV-6295

                - against -                               PROPOSED
                                                                CONFIDENTIALITY AND
CITY OF NEW YORK, AND NEW YORK CITY        PROTECTIVE ORDER
POLICE DEPARTMENT LIEUTENANT ALI
MIRANDA,

                                               Defendants.

------------------------------------------------------------------- x

Robyn F. Tarnofsky, Magistrate Judge:

      WHEREAS, Defendants, City of New York and New York City Police Department Lieutenant Ali Miranda, request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

      WHEREAS, this Protective Order does not create entitlement to file confidential information under seal; and

      WHEREAS, discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

      1.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" pursuant to the terms of this Protective Order ("Confidential Discovery Material")

shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.     The person or entity producing any Discovery Material may designate as "Confidential" only those documents or material or portions of such documents or material whose public disclosure is either restricted by law or, in the good-faith judgment of the person or entity disclosing the Discovery Material, would be detrimental to, or interfere with, the person's or entity's protected interests or the interests of a third party to whom a duty of confidentiality is owed. These protected interests shall include, but not be limited to, any proprietary, governmental, or privacy interest of the producing person or entity and their employees, customers, clients, vendors, agents, or stakeholders; the public at large; as well as any other category of information given confidential status by the Court.

3.     Nothing herein shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the receiving party in the form in which it was produced; (iii) information known to the receiving party through proper means; or (iv) information obtained by a party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

4.     With respect to the Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the producing person or entity or that person or entity's counsel may designate such portion(s) of the Discovery Material Confidential by: (a) stamping or otherwise clearly marking Confidential the protected portion in a manner that will not interfere with legibility or audibility; and (b) if a party seeks to file any Discovery Material containing Confidential information with the Court, then it must notify the producing party of its intent to do so. Thereafter, within 10 business days, the producing person or entity will redact the Confidential information for the filing party to file, unless such information was redacted at the time of production.

5.     With respect to deposition transcripts, the producing person entity or that person or entity's counsel may designate such portion Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the court reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the court reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6.     If at any time prior to the trial of this action, a producing person or entity realizes that some portion(s) of the Discovery Material that was previously produced by the producing person should be designated Confidential, then the producing person or entity must inform, in

writing, all prior recipients of the Discovery Material of the documents or material that are to be treated as Confidential, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential under the terms of this Protective Order.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a producing person or entity has designated Discovery Material Confidential, other persons subject to this Protective Order may only disclose such Confidential Discovery Material or information contained therein to:

   a. the Parties to this action, their insurers, and counsel to their insurers;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant(s) employed by such counsel and assigned to this matter;

   c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system;

   d. any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

   e. as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

   f. any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non- Disclosure Agreement in the form attached hereto;

   g. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

   h. stenographers engaged to transcribe depositions conducted in this action; and

   i. this Court, including any appellate court, and the court reporters and support personnel for the same.

8. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Any Party who objects to any designation of Confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may, at any time prior to the trial of this action, serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material only for the prosecution and defense of this action and any appeals thereof. Confidential Discovery Material shall not be used for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any person or entity with respect to its own documents or information produced in this action. Nor does anything in this Protective Order limit or restrict the rights of any person or entity to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

12. Nothing herein will prevent any person or entity subject to this Protective Order from producing any Confidential Discovery Material in its possession in response to a public records request, lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice to the producing person or entity before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person or entity will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person or entity deems it appropriate to do so.

14. In accordance with this Court's Individual Rules and Practices in Civil Cases, any party filing documents under seal must first file with the Court a letter-motion explaining the basis for sealing such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). There is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

15. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously sealed or designated Confidential.

16. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

17. Each person who has access to Discovery Material that has been designated Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If Confidential Discovery Material is disclosed to any person other than the persons authorized in paragraph 7 of this Protective Order, the person or party responsible for the unauthorized disclosure must, within (5) business days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the disclosing party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Discovery Material from the unauthorized recipient.

18. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons or entities who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person or entity receiving PII experiences a data breach, the receiving person or entity shall immediately notify the person or entity that produced the PII of the same and cooperate with that person or entity to address and remedy the breach. Nothing herein shall preclude the person or entity that produced the PII from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person or entity's failure to appropriately protect PII from unauthorized disclosure.

19. If, in connection with this litigation, a party or entity discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection, whether inadvertently or otherwise, ("Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Disclosed Privileged Information and its subject matter. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply.

20. If a disclosing party or entity makes a claim of Disclosed Privileged Information, the receiving party shall, within five (5) business days, return or destroy all copies of the Disclosed Privileged Information and provide a certification of counsel that all such information has been returned or destroyed.

21. Within five (5) business days of the certification that such Disclosed Privileged Information has been returned or destroyed, the disclosing party or entity shall produce a privilege log with respect to the Disclosed Privileged Information.

22. The receiving party or entity may move the Court for an Order compelling production of the Disclosed Privileged Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

23. The disclosing party or entity retains the burden of establishing the privileged or protected nature of any Disclosed Privileged Information. Nothing in this Order shall limit the right of any party or entity to request an *in camera* review of the Disclosed Privileged Information.

24. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Discovery Material designated Confidential, and all copies thereof, shall promptly be returned to the producing person or entity. Alternatively, upon permission of the producing person or entity, all Confidential Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing party or entity that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproduction or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

25. All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO ORDERED:

_/s/ Robyn F. Tarnofsky_

Robyn F. Tarnofsky
United States Magistrate Judge

Dated: 10/11/2024
New York, NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NATHANIAL HERMAN,

                                                   Plaintiff,     21-CV-6295

            - against -                                  NON-DISCLOSURE
                                                                                    AGREEMENT

CITY OF NEW YORK, and NEW YORK CITY
POLICE DEPARTMENT LIEUTENANT ALI
MIRANDA,

                                               Defendants.

------------------------------------------------------------------- x

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone except as expressly permitted hereunder, other than for purposes of this litigation, and that at the conclusion of the litigation, I will either return all Confidential Discovery Material to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such Confidential Discovery Material. Furthermore, I will certify to having returned or destroyed all Confidential Discovery Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Dated: